UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JAMES DALTON BELL,

                Petitioner,

-against-

UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE, FEDERAL
BUREAU OF PRISONS, UNITED STATES
ATTORNEY GENERAL,

                Respondents.
----------------------------------------X

MEMORANDUM
AND ORDER
08-CV-00632 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ROSS, United States District Judge:

James Dalton Bell, incarcerated at the United States Penitentiary in Tuscon, Arizona, seeks to file this *pro se* petition, which he characterizes as a habeas corpus petition pursuant to 28 U.S.C. § 2241, on behalf of all the federal prisoners sentenced or held in this district, alleging that the "defective passage" of 18 U.S.C. § 3231 means that "federal courts do not possess general criminal jurisdiction over ANY federal criminal statute" and thus that "the judgment[s] resulting [in those criminal cases are] void." Pet at 3, 7. For the reasons set forth below, the petition is dismissed.

Background

Petitioner was convicted and sentenced in the United States District Court for the Western District of Washington of interstate stalking and using facilities of interstate commerce for interstate stalking. United States v. Bell, 303 F.3d 1187 (9th Cir. 2002). He was sentenced to two sixty-month terms of imprisonment and, according to the Bureau of Prisons website, his projected release date from federal detention is November 5, 2009. See Federal Bureau of

Prisons - Inmate Locator, *available at* http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Feb. 25, 2008). The court takes judicial notice that petitioner filed a similar action in at least one other court, the United States District Court for the District of Arizona. Bell v. United States et al., 07-CV-0539 (DCB), doc. #19 ("Motion for Sua Sponte 60(b)/Habeas releif for all pending and past criminal cases"). By Order dated January 10, 2008, plaintiff's "motion for 60(b) Habeas Relief" was denied and the action dismissed for failure to comply with a court order.

### *Pro Se* Petitioner May Not Represent Others

The petition asserts that Mr. Bell brings suit not on behalf of himself, as he is not among those sentenced and incarcerated in this district, but "on behalf of ALL current and past federal prisoners [...] whose case originated in, or who are located within the jurisdiction of, this judicial court." Pet at 2. However, petitioner does not have "standing" to bring this petition. It is settled that non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others. See 28 U.S.C. § 1654; see also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (citing Pridgen v. Andersen, 113 F.3d 391, 393 (2d Cir. 1997)) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."). Accordingly, because the petition is brought as a putative class action or on behalf of individuals other than petitioner, a non-attorney individual, it must be dismissed.

Moreover, in order to satisfy the "case or controversy" requirement of Article III of the United States Constitution, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the respondent and likely to be redressed by a favorable judicial decision." Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004); see also United States v. Richardson, 418 U.S. 166, 177-78 (1974) ("It is an established principle that to entitle a private

individual to invoke the judicial power [of the United States courts] to determine the validity of executive or legislative action he must show that he has sustained or is immediately in danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public."). In this case, there is no case or controversy because petitioner is not challenging his own custody and because the criminal convictions of those sentenced and incarcerated in this district are not personal to petitioner.

Conclusion

Accordingly, because petitioner, a non-lawyer, seeks to bring an action on behalf of individuals other than himself, his petition must be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
February 26, 2008